**FILED**

February 05, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EDIXON AUGUSTO PUCHE–SANCHEZ, A # 220 720 263** | § § § | |
| **Petitioner,** | § § | **NO. SA-26-CV-00295-OLG** |
| **v.** | § § | |
| **KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, ET AL.,** | § § § § | |
| **Respondents.** | § § § § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is *pro se* Petitioner Edixon Augusto Puche–Sanchez's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Dkt. No. 1). Respondents filed a response to the Petition. (Dkt. No. 8).

The relevant facts in this case are not in dispute. Petitioner is a citizen of Venezuela who entered the United States without inspection in 2021. (Dkt. No. 1). This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). (Dkt. Nos. 1, 8); *see Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond hearing before an immigration judge. (Dkt. No. 1, 8).

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. (Dkt. No. 4). On February 3, 2026, Respondents filed an abbreviated response, advising that "the

factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented" in this Court's prior decisions on this issue, that is, "whether an alien who is present in the United States without admission is properly subject to mandatory detention (*i.e.*, detention without the prospect of release on bond) during the pendency of administrative removal proceedings pursuant to 8 U.S.C. § 1225(b)." (Dkt. No. 8). Accordingly, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days. *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Perez–Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *see also Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025).

Petitioner Edixon Augusto Puche–Sanchez's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date of this Order, or release him. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date of this Order.

This case is **CLOSED**.

This Order is a **FINAL JUDGMENT**.

It is so **ORDERED**.

SIGNED on February _____, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

2